IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| RYAN BOLAND, § | | |
|    Plaintiff, § | | |
| § | | |
| v. § | CIVIL ACTION NO. 4:24-cv-834-P | |
| § | | |
| ANDREW VOGEL § | | |
| and CHARLOTTE STAPLES, § | | |
|    Defendants. § | | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
REGARDING DEFENDANT'S MOTION TO DISMISS**

Pending before the Court is a Motion to Dismiss [doc. 13] filed on September 27, 2024, by Defendants Andrew Vogel, who is a municipal judge in Springtown, Texas, and Charlotte Staples, who is a prosecutor in Springtown, Texas. Having carefully considered the motion, relevant filings, and applicable law, the Court **RECOMMENDS** that Defendants' motion be **GRANTED**.

## I.     FACTUAL BACKGROUND

On July 22, 2024, Plaintiff Ryan Boland ("Plaintiff") filed his Original Petition[1] against Defendants Andrew Vogel and Charlotte Staples (collectively, "Defendants") in the 43rd Judicial District Court of Parker County, Texas, asserting claims under 42 U.S.C. § 1983.[2] (Defendants' Notice of Removal ("Defs.' Notice of Rem.") at 1.) Plaintiff filed an amended petition on August 29, 2024. On August 31, 2024, the Defendants timely filed a Notice of Removal [doc 1]. (Defs.' Notice of Rem. at 1–2.) Thereafter, on September 4, 2024, Defendants filed their first Motion to Dismiss [doc. 7], arguing that Plaintiff's § 1983 claims were barred by various legal doctrines or

---

[1] In his Original Petition, Plaintiff indicated that Defendant Vogel was the "[p]residing judge" and the events giving rise to her claims occurred "[i]n the Municipal Courts of Springtown Tx."[1] (Plaintiff's Original Petition at 2, 4.)

[2] The Court notes that the original state court petition that was filed by Plaintiff was a form "Complaint for Violation of Civil Rights" provided by the U.S. District Court for the Northern District of Texas, which indicated the basis of Plaintiff's claim as being 42 U.S.C. § 1983. Subsequent amended petitions or complaints were independently created by Plaintiff.

were otherwise insufficiently plead. (*See* Defendants' First Motion to Dismiss at 3–12.) Finding merit in the Defendants' arguments, the next day the Court ordered the Plaintiff to file an Amended Complaint that more clearly set forth Plaintiff's claims [doc. 9]. On September 17, 2024, Plaintiff complied with this order and filed his Amended Complaint, which is currently the live pleading before the Court [doc. 10]. (*See* Plaintiff's Amended Complaint ("Pl.'s Am. Compl.") at 1.) In his Amended Complaint, while not entirely clear, it appears Plaintiff is suing Defendants for "the actions, attitudes, and behaviors displayed in the Courts of Springtown" after Plaintiff received a speeding ticket. (*Id*.) Specifically, Plaintiff, claiming that the placement of a traffic control device was in violation of a municipal ordinance, alleges:

> [] Defendants Andrew Vogal [sic], Charlotte Staples, conspired with other unnamed Defendants, knowingly or otherwise, to suppress Plaintiff's civil right to a Jury Trial and to Appeal. . . .
>
> I, Ryan Boland, am not suing the Defendants in their personal capacity . . . . I ask the courts to recognize the Authority of the State of Texas is delegated to the Municipal Courts and find that the liability for relief be with the Defendants tasked to carry out their regulations . . . .
>
> Since the Defendants acted within their official capacities to deprive the Plaintiff of right to Trial of her choice and to Appeal in the same Municipal Courts of Springtown that the verdict was rendered, I, Ryan Boland, ask the courts to charge Defendants [with abuse of official capacity].

(Pl.'s Am. Compl. at 1.)[3]

On September 27, 2024, Defendants filed their second Motion to Dismiss [doc. 13] reiterating their previous arguments for dismissal. Specifically, Defendants claim that Plaintiff's Amended Complaint should be dismissed because Defendants are entitled to immunity from suit

---

[3] The Court notes that the Amended Complaint also fails to state a claim upon which relief can be granted because it does not raise relief above the speculative level. *See Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

under the Eleventh Amendment.[4] (Defendants' Second Motion to Dismiss Plaintiff's Amended Complaint ("Defs.' Mot.") at 3-4.)

## II.   LEGAL STANDARD AND ANALYSIS

The Supreme Court of the United States has stated that 42 U.S.C. § 1983 creates "a species of tort liability." *Memphis Cmty. Sch. Dist. v. Stachura*, 477 U.S. 299, 305 (1986). This liability applies to "persons" who deprive others of their rights. *See* 42 U.S.C. § 1983. Courts have interpreted the statute to also import tort liability on corporations and even municipalities. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 694–95 (1978); *Moore v. LaSalle Corrections, Inc.*, 429 F. Supp. 3d 285, 290 (W.D. La. 2019). But the reach of § 1983 is not limitless as the Fifth Circuit has repeatedly held that absolute immunity generally applies to all judicial acts "which are not performed in the clear absence of all jurisdiction." *See Diggles v. Lindsay Law Firm, P.L.L.C.*, No. 23-20594, 2024 WL 3158486, at *1 (5th Cir. June 25, 2024); *Adams v. McIlhany*, 764 F.2d 294, 297 (5th Cir. 1985) ("Absolute judicial immunity extends to all judicial acts which are not performed in the clear absence of all jurisdiction."). Moreover, a municipal judge is entitled to absolute judicial immunity if his or her actions are "judicial in nature." *Regalado v. City of Edinburg*, No. 7:22-cv-228, 2023 WL 2394299, at *12 (S.D. Tex. Feb. 1, 2023).[5]

Furthermore, under longstanding Supreme Court precedent, prosecutors, including municipal prosecutors, have absolute immunity against § 1983 liability for their actions in initiating and pursuing a criminal prosecution. *Imbler v. Pachtman*, 424 U.S. 409, 427–29 (1976);

---

[4] Defendants also list the following reasons as alternative reasons for dismissal: (1) Plaintiff has failed to state a *Monell* claim; (2) Plaintiff's claims are barred by the Rooker-Feldman Doctrine; (3) Plaintiff's claims are barred by *Heck v. Humphrey*; and (4) Plaintiff has failed to state a claim under Rule 12(b)(6). (Defs.' Mot. at 4-8.)

[5] The Fifth Circuit has adopted a four-factor test for determining whether a judge's actions were judicial in nature: (1) whether the precise act complained of is a normal judicial function; (2) whether the acts occurred in the courtroom or appropriate adjunct spaces such as the judge's chambers; (3) whether the controversy centered around a case pending before the court; and (4) whether the acts arose directly out of a visit to the judge in his official capacity. *Davis v. Tarrant Cnty., Tex.*, 565 F.3d 214, 222 (5th Cir. 2009).

*Esteves v. Brock*, 106 F.3d 674, 677 (5th Cir. 1997) ("A prosecutor enjoys absolute immunity from personal liability for damages under section 1983 for actions initiating a prosecution and presenting the State's case and those intimately associated with the judicial phase of the criminal process.") (internal quotation marks and citations omitted); *Thomas v. State*, 294 F. Supp. 3d 576, 604 (N.D. Tex. Feb. 13, 2018) (Prosecutors, including municipal prosecutors, "are entitled to absolute immunity for acts taken to initiate prosecution, even against allegations that they acted maliciously, wantonly, or negligently.") (internal quotation marks and citations omitted).

As stated above, Plaintiff sued Defendants Vogel and Staples in their official capacities as a municipal judge and prosecutor, respectively, for their conduct during proceedings associated with Plaintiff's receipt of a speeding ticket. Plaintiff does not allege that Defendants were acting outside their jurisdiction or outside the scope of their official duties. Consequently, based on the case law set forth above, it is clear that Defendants are entitled to absolute immunity for their actions. Consequently, the Court **FINDS**, **CONCLUDES**, and **RECOMMENDS** that Defendants' motion to dismiss be **GRANTED**.

The Court notes that, on a motion to dismiss for failure to state a claim, a "plaintiff's failure to meet the specific pleading requirements should not automatically or inflexib[ly] result in dismissal of the complaint with prejudice to re-filing." *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000) (citation omitted). Further, a *pro se* litigant should generally be offered an opportunity to amend his or her complaint before it is dismissed. *See Brewster v. Dretke*, 587 F.3d 764, 767-68 (5th Cir. 2009) (per curiam) (citing *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998) (per curiam)). "Granting leave to amend is not required, however, if the plaintiff has already pleaded his 'best case.'" *Brewster*, 587 F.3d at 768 (quoting *Bazrowx*, 136 F.3d at 1054). The Court can deny leave to amend where such an amendment would be futile. *See Clements v. Bank*,

No. 6:20-CV-00821, 2021 WL 4483829, at *3 (W.D. La. Sept. 29, 2021) ("Since [Plaintiff] has previously been granted leave to amend his complaint to cure these defects, the Court concludes that any further attempt to an amendment would be futile."). In the present case, Plaintiff has already been given the opportunity to file an Amended Complaint. Accordingly, the Court **FINDS** and **CONCLUDES** that the granting of any additional leave for Plaintiff to amend her claims against Defendants would be futile.

### NOTICE OF RIGHT TO OBJECT TO PROPOSED FINDINGS, CONCLUSIONS AND RECOMMENDATION AND CONSEQUENCES OF FAILURE TO OBJECT

Under 28 U.S.C. § 636(b)(1), each party to this action has the right to serve and file specific written objections in the United States District Court to the United States Magistrate Judge's proposed findings, conclusions and recommendation within fourteen (14) days after the party has been served with a copy of this document. The United States District Judge need only make a *de novo* determination of those portions of the United States Magistrate Judge's proposed findings, conclusions and recommendation to which specific objection is timely made. *See* 28 U.S.C. § 636(b)(1). Failure to file, by the date stated above, a specific written objection to a proposed factual finding or legal conclusion will bar a party, except upon grounds of plain error or manifest injustice, from attacking on appeal any such proposed factual findings and legal conclusions accepted by the United States District Judge. *See Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1428–29 (5th Cir. 1996) (en banc), *superseded by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending time to file objections from ten to fourteen days).

### ORDER

Under 28 U.S.C. § 636, it is hereby **ORDERED** that each party is granted until **November 20, 2024** to serve and file written objections to the United States Magistrate Judge's proposed

findings, conclusions and recommendation. It is further **ORDERED** that if objections are filed and the opposing party chooses to file a response, the response shall be filed within seven (7) days of the filing date of the objections.

It is further **ORDERED** that the above-styled and numbered action, previously referred to the United States Magistrate Judge for findings, conclusions and recommendation, be and hereby is returned to the docket of the United States District Judge.

SIGNED November 6, 2024.

_____
JEFFREY L. CURETON
UNITED STATES MAGISTRATE JUDGE